[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence January 14, 1993 Date of Application January 14, 1993 Date Application Filed January 14, 1993 Date of Decision June 22, 1993
Application for review of sentence imposed by the Superior Court, Judicial District of Tolland. Docket No. CR92-47454; CT Page 6581-M
Lawrence W. Bates, Jr., Esq. Defense Counsel, for Petitioner.
Patricia A. Swords, Esq. State's Attorney, for the State.
BY THE DIVISION
After a plea of guilty, petitioner was convicted of the offense of escape in the first degree, in violation of Connecticut General Statutes § 53a-169. A sentence of ten years was imposed. This sentence was to be served consecutive to any sentence then being served.
The facts underlying petitioner's conviction indicate that at the time of the offense he was serving a sentence at the Connecticut Correctional Institution at Somers for the crime of murder.
While so confined, petitioner obtained bolt cutters and cutting blades from a corrections officer in return for investment advice. On December 31, 1991, petitioner and another prisoner used the cutting tools to effect their escape from the institution. Following a massive effort by state, federal and local enforcement authorities, petitioner was apprehended in New Jersey on January 18, 1992.
Petitioner's attorney requested a reduction in sentence. He argued that petitioner entered a plea of guilty to the charge and was given the maximum sentence. The attorney urged the division to take into consideration petitioner's plea. He argued that the trial would have been a media event and would have caused trauma to the witnesses and great expense to the state. By entering a plea of guilty petitioner obviated the necessity for a trial. The attorney also stated that petitioner had shown remorse and indicated that he would never do such a foolish thing again.
Speaking on his own behalf, petitioner requested some consideration for the fact that he entered a plea of CT Page 6581-N guilty to the charge.
The state's attorney argued against any reduction in sentence. She noted that petitioner, who was serving a sentence for a most serious offense, planned and executed an escape from the maximum security facility to which he had been confined. The attorney also pointed out that petitioner committed a series of crimes while at liberty. These crimes included armed robbery. The state's attorney also doubted that petitioner had shown any genuine remorse for his criminal act.
The question before this division is whether petitioner's sentence should be modified because it is inappropriate or disproportionate in light of the offense. Considering the fact that petitioner was serving a substantial sentence for a serious crime and considering the character of the offender and the necessity of protecting the public interest, and to deter other parties from committing the same type of crime, it cannot be found that the sentence imposed was inappropriate.
This sentence is affirmed.
Purtill, J.
Norko, J.
Miano, J.
Purtill, J., Norko, J. and Miano, J. participated in this decision.